UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-14052-CR-COHN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TREMAINE N. TIMOTHY,

    Defendant.

_____/

### ORDER DISMISSING RENEWED MOTION TO VACATE CONVICTION AND SENTENCE

**THIS CAUSE** is before the Court upon Defendant's pro se Motion Requesting Dismissal of Defective Criminal Information [DE 115] ("Motion"). The Court has reviewed the Motion and the case file and is otherwise advised in the premises.

Defendant earlier filed a Motion Pursuant to Federal Rule of Criminal Procedure 52(b) [DE 109 & 110] ("Prior Motion"). Invoking Rule 52(b), the Prior Motion sought to vacate Defendant's two convictions and sentences for possession of a firearm in connection with drug trafficking crimes. See 18 U.S.C. § 924(c)(1)(A), (C). Defendant argued that these convictions were void because the indictment and jury instructions stated only that the alleged possession of a firearm was "during and in relation to" a drug trafficking crime, rather than "in furtherance of" that crime. See id. § 924(c)(1)(A).

The Court found Defendant's reliance on Rule 52(b) "misplaced," since that Rule governs appeals and "not post-conviction motions to amend or vacate sentences." DE 111 at 1-2 (Order of Feb. 3, 2017). Viewing the Prior Motion liberally, the Court held it was "most appropriately construed as a motion to vacate under 28 U.S.C. § 2255."

Id. at 2 (footnote omitted).  But because Defendant had "already filed at least two § 2255 motions" and had "not sought certification from the Eleventh Circuit" to file the Prior Motion, the Court ruled that it lacked jurisdiction to consider that Motion's merits. Id. (citing United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)).  The Court therefore dismissed the Prior Motion without prejudice, allowing Defendant to "renew his request for relief as a successive § 2255 motion if and when he receives the requisite certification from the Eleventh Circuit Court of Appeals."  Id. at 3.

In the current Motion, Defendant rehashes the Prior Motion's claim that the indictment improperly stated an element of the firearm charges.  While the Motion purportedly asks the Court to dismiss those counts of the indictment—filed nearly fifteen years ago—that request comes far too late.  See Fed. R. Crim. P. 12(b)(3)(B) (requiring that any objection to "a defect in the indictment," including "failure to state an offense," be "raised by **pretrial motion**" (emphasis added)).  Instead, the substance of the Motion shows that Defendant is again seeking relief under § 2255.  Yet nothing suggests that Defendant has moved for, much less obtained, the Eleventh Circuit's permission to file a successive § 2255 motion.  See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A).  So as with the Prior Motion, the Court lacks jurisdiction to address the merits of this Motion, and it must be dismissed.  See Holt, 417 F.3d at 1175; Farris, 333 F.3d at 1216.  Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion Requesting Dismissal of Defective Criminal Information [DE 115] is **DISMISSED without prejudice** for lack of jurisdiction; and

2. If Defendant wishes to pursue the claims set forth in his Motion and Prior Motion, he **must** apply to the United States Court of Appeals for the Eleventh Circuit for the authorization required by 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b)(3)(A).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of March, 2017.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

Tremaine N. Timothy, pro se